UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| IN RE GARY N. KIRSCHKE AND<br>MARY G. KIRSCHKE, | *<br>*<br>*<br>*<br>* | Bankruptcy Appeal<br>Civil Action No. 10-40010-JLT |

MEMORANDUM

June 16, 2010

TAURO, J.

I.  Introduction

Gary N. Kirschke and Mary G. Kirschke (collectively "Debtors") appeal from a Memorandum of Decision of the Bankruptcy Court, dated November 24, 2009, which overruled Debtors' Objection to the Proof of Claim filed by Butler Bank. For the following reasons, the decision of the Bankruptcy Court is AFFIRMED.

II.  Background[1]

On or about May 20, 2005, Butler Bank loaned $1,565,320 to the Kirschke Group, Inc., and the Debtors, as "Borrowers." This loan was secured by mortgages against real estate located in Marlboro, Massachusetts, which was owned by the Debtors, and against real estate located in Harvard, Massachusetts, which was owned by the Kirschke Group. On or about September 13, 2006, Butler Bank loaned an additional $78,000 to the Kirschke Group and the Debtors, again

---

[1] In considering an appeal from an order of a Bankruptcy Court, this court must accept the Bankruptcy Judge's findings of fact unless they are clearly erroneous. In re Rowanoak Corp., 344 F.3d 126, 129 (1st Cir. 2003). Because the Parties do not allege any error in the Bankruptcy Judge's findings of fact, this court presents the facts as recited in the Bankruptcy Court's Memorandum of Decision.

secured by mortgages against the Marlboro and Harvard real estate.  The Kirschke Group is a Massachusetts corporation organized for the purpose of conducting real estate purchases, sales, construction, and development.  Though the Debtors were at no time the owners of the Harvard real estate, they do own and control the Kirschke Group.

Having thereafter defaulted on the two loans, the Kirschke Group conveyed the deed for the Harvard real estate to Butler Bank on September 10, 2007, "[i]n consideration of the reduction of One Million Three Hundred Sixty Four Thousand Dollars ($1,364,000.00) of debt owed" to it.  On the same day, Debtors and Butler Bank entered into an "Agreement for Changes to Mortgage" (the "Modification Agreement"), which amended the amount of the loan to $425,000, an amount that included $95,000 advanced to pay off the existing first mortgage on Debtors' residence, $78,000 to pay off the September 2006 loan, and $42,000 towards the completion of the Harvard real estate development project.

On September 9, 2008, Debtors filed a voluntary petition seeking relief under Chapter 13 of the United States Bankruptcy Code in the Bankruptcy Court for the District of Massachusetts.  On January 15, 2009, Butler Bank filed a Proof of Claim (the "Claim") in the amount of $429,669.69, representing amounts due pursuant to the May 2005 and September 2006 loans, as amended by the Modification Agreement.  Debtors objected to the Claim on the grounds that the deed conveyed to Butler Bank was a deed in lieu of foreclosure and, therefore, should be deemed to have extinguished the underlying debts in their entirety.  After a hearing on the matter, the Bankruptcy Court overruled Debtors objection to the Claim because the deed "was actually executed by the Kirschke Group, the owner of the Harvard property"[2] and not by the Debtors.

---

[2]Notice of Appeal, Ex. 3, Mem. of Decision dated November 24, 2009, 12.

III.   Issue on Appeal

The sole issue before this court is whether the Bankruptcy Court erred in overruling the Debtors' Objection to the Proof of Claim filed by Butler Bank. This court reviews the Bankruptcy Court's conclusions of law on this issue de novo.[3]

IV.   Discussion

In support of their appeal, Debtors primarily argue that the Bankruptcy Court misapplied Massachusetts law in finding that the conveyance of the deed to Butler Bank, which Debtors refer to as "the deed in lieu of foreclosure," did not extinguish the entire amount of the underlying debts as to Debtors. This court disagrees.

Debtors are correct in their assertion that "[a] deed in lieu [of foreclosure] is, for a great many purposes, the functional equivalent of a formal foreclosure. A deed in lieu essentially involves an alternate method of the collection of security. The lender accepting a deed in lieu, just like the lender exercising strict foreclosure, has the security interest mature into real ownership without any requirement of public sale."[4] But while delivery of such a deed in lieu of foreclosure is *often* given in full satisfaction of the lender's claim, the conveyance of such a deed does not automatically operate to utterly extinguish the underlying debt in its entirety.[5]

Though a deed in lieu of foreclosure can, as Debtors contend, have the effect of fully extinguishing the underlying debt, the conveyance from the Kirschke Group to Butler Bank did

---

[3]In re Rowanoak Corp., 344 F.34 at 129.

[4]Moloney v. Boston Five Cents Sav. Bank FSB, 422 Mass. 431, 433-434 (1996) (internal citations omitted).

[5]Levenson v. Feuer, 60 Mass. App. Ct. 428, 437 (2004) (internal citations omitted) (emphasis added).

not have such an effect. The conveyance at issue here expressly retained a portion of the Debtors obligation to the bank by stating that the deed was conveyed in exchange for a $1,364,000 *reduction* of the $1,783,494.42 debt that the Kirschke Group, jointly and severally with Debtors, undisputedly owed to the bank at that time.[6]

This court agrees with Debtors that the fact that the Kirschke Group executed the conveyance, rather than Debtors, is not dispositive as to the question of whether the Debtors may still be on the hook for the remainder of the debt as co-makers. But the fact that the deed was conveyed in exchange for an express reduction in the underlying debt, and not in full satisfaction of the underlying debt, is indeed dispositive of the question. The Kirschke Group and the two Debtors each signed the underlying notes as "Borrowers." In so doing, the Debtors and the Kirschke Group became jointly and severally liable to repay the notes, pursuant to Mass. Gen. Laws c. 106 § 3-116(a). And the deed later conveyed to Butler Bank in partial satisfaction of those notes did not purport to alter the joint and several nature of this obligation. Indeed, the Debtors, as co-makers, and the Kirschke Group, as the primary mortgagor, all remained equally accountable to Butler Bank as to the portion of the underlying debt that was not extinguished by the conveyance of the deed. Accordingly, this court must conclude that Butler Bank retained a Claim against Debtors as to the unextinguished portion of the May 2005 and September 2006

---

[6]In the alternative, Debtors argue that the Bankruptcy Court erred in overruling their objection to the bank's claim because the bank did not comply with the notice requirements set forth in Mass. Gen. Laws c. 244 § 17B. Section 17B states, in relevant part, that "No action for a deficiency shall by brought...by the holder of a mortgage note...after a *foreclosure sale* by him...unless a notice in writing of the mortgagee's intention to foreclose the mortgage has been mailed...together with a warning of liability for the deficiency...."(emphasis added) By its express language, the notice requirement contained in Mass. Gen. Laws c. 244 § 17B applies only in the case of a foreclosure sale and is, therefore, inapplicable to the facts presented here.

notes and, as such, the Bankruptcy Court correctly overruled Debtors objection to Butler Bank's assertion of that Claim in Debtors Chapter 13 Proceeding.

Secondarily, Debtors argue that, even if the underlying debt was not extinguished in its entirety upon Butler Bank's acceptance of the deed, the Bankruptcy Court erred in overruling Debtors' objection to Butler Bank's Claim because doing so deprived them of the right to put forth tenable defenses as to the May 2005 loan, pursuant to Mass. Gen. Laws c. 106 §§ 3-419 and 3-605.  Specifically, Debtors contend that the May 2005 note was issued solely for the benefit of the Kirschke Group, which owned the Harvard real estate securing it.  And that Debtors, who were merely indirect beneficiaries of the value given in exchange for the note, signed the instrument only as accommodation parties.[7]  As accommodation parties, Debtors would have been discharged from their joint obligation had the Kirschke Group agreed to a material modification of the underlying note or otherwise caused an impairment to the collateral securing the note.[8] Debtors therefore argue that the conveyance of the deed to the Harvard real estate to Butler Bank either constituted a material modification of the note or an impairment of the collateral securing the note, which discharged Debtors from the joint obligation.  This court disagrees.

Even assuming that Debtors did in fact sign the May 2005 note only as an accommodation to the Kirschke Group, Butler Bank's acceptance of the deed to the Harvard real estate in return

---

[7] See Mass. Gen. Laws c. 106 § 3-419(a-b).

[8] See Mass. Gen. Laws c. 106 § 3-605 (d).  It is worth noting that to prevail on a claim of discharge, Debtors would also have to demonstrate that they had a right of recourse against Kirschke Group and that the material modification caused Debtors a loss with regard to this right of recourse.  This court finds it unnecessary to address these issues, however, because it holds, notwithstanding Debtors' unsupported assertion to the contrary, that there has been no material modification of the underlying obligation.

5

for a corresponding reduction in the amount owed on the note was not a material modification of the underlying obligation. Rather, it was merely a payment toward the satisfaction of that obligation in the form of surrender of the collateral. Significantly, the transaction did not alter the total amount owed on the note or change any of the terms governing repayment of the debt.

Neither can this court conclude that the conveyance of the deed constituted an impairment of the collateral, i.e. release of the collateral without substitution of equal value, sufficient to discharge Debtors from their joint obligation as accommodation parties.[9] Debtor Gary Kirschke executed the deed to Butler Bank in his capacity as president of the Kirschke Group, and both Debtors signed the Modification Agreement contemporaneously with the conveyance of the deed. And as Debtors concede, they shared the obligation to repay the note jointly and severally with the Kirschke Group. Thus, in conveying the deed for the Harvard real estate to Butler Bank, the interests of Gary Kirschke, as president of Kirschke Group, aligned perfectly with the interests of Gary Kirschke as Debtor: regardless of which hat Gary Kirschke was wearing at the time that he conducted the transaction, it behooved him to negotiate the largest possible reduction in the amount owed to Butler Bank in exchange for conveyance of the deed. Under such circumstances, it strains credulity to suggest that, if the Bankruptcy Court had not overruled their objection to the Claim, Debtors might have successfully argued that Gary Kirschke, as president of the Kirschke Group, surrendered the Harvard real estate to Butler Bank in exchange for a stated consideration that worked some unfairness to Gary Kirschke as Debtor.[10]

---

[9] See Mass. Gen. Laws c. 106 § 3-605 (e-g).

[10] Though Mary Kirschke was not a direct participant in this transaction, her interests were identical to, and therefore adequately represented by, those of Gary Kirschke.

Lastly, Debtors argue that the Bankruptcy Court erred in overruling their objection to the Claim because, in doing so, it deprived them of their right to seek contribution from the Kirschke Group.  Pursuant to Mass. Gen. Laws c. 106 § 3-116, a party having joint and several liability on an obligation, who makes a payment toward the satisfaction of the underlying instrument, is entitled to receive contribution from any other party having the same joint and several liability.  On the facts presented, however, Debtors' claim that they are entitled to contribution from the Kirschke Group is entirely unavailing.  While the Kirschke Group has indeed made a significant payment toward satisfaction of the underlying joint and several obligation by delivering its deed to the Harvard real estate to Butler Bank, nothing in the record suggests that Debtors have made any payment on the debt at all.  Debtors simply cannot be entitled to contribution for payments that they have not made.  Accordingly, this court finds no error in the Bankruptcy Court's failure to overrule Debtors objection on this ground.

V.   Conclusion

For the foregoing reasons, the decision of the Bankruptcy Court, which overruled Debtors Objection to the Proof of Claim filed by Butler Bank, is AFFIRMED.

AN ORDER HAS ISSUED.

/s/ Joseph L. Tauro
United States District Judge